IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NICHOLAS DONALD BURNS, #A5003928, | ) ) ) | CIV. NO. 13-00122 LEK/BMK |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT IN PART PURSUANT TO 28 U.S.C. §§ 1915A & 1915 |
| vs. | ) ) | |
| ACO SHORES, ACO PASAMONTE, CAPT. MULLEITNER, ACO KENETH WALKER, | ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER DISMISSING COMPLAINT IN PART PURSUANT TO 28 U.S.C. §§ 1915A & 1915

Plaintiff is a prisoner at the Maui Community Correctional Center ("MCCC"), who brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff complains that Defendants MCCC Adult Correctional Officers ("ACO") Shores, Pasamonte, Walker, and Captain Mulleitner violated his constitutional rights while acting in their official and individual capacities and seeks declaratory judgment, compensatory and punitive damages.

Plaintiff's Complaint is dismissed in part for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2). Plaintiff is given leave to amend, as discussed and limited below. In the alternative, Plaintiff may rest on his claim that ACO Shores assaulted him, and that claim will be ordered to be served.

1

## I. **PLAINTIFF'S CLAIMS**

Plaintiff says that when he complained about the quality of MCCC's linen, ACO Shores assaulted him and "fabricated false misconducts that [Plaintiff] beat in adjustment hearings." Compl., Count I, ECF No. 1 at PageID #6.  Plaintiff concludes that ACO Shores made these false allegations to cover up the assault or "in retaliation for [Plaintiff's] complaints about linens and food."  *Id.*, PageID #7.  Plaintiff alleges that this violated his rights under the First Amendment.  Plaintiff also claims that ACO Shores also put the Module B inmates in early lockdown and cut their recreation time, then told the other inmates to thank Plaintiff, causing them to resent him.  *See id.*, Count II, PageID #8.

Plaintiff says that later that day, he requested medical assistance when an inmate lost consciousness.  Plaintiff claims that ACO Pasamonte became angry over this request and threatened him and called him names.  This resulted in another lockdown and more lost recreation time for Module B inmates, allegedly causing further resentment against Plaintiff.  As a consequence, Plaintiff requested Captain Mulleitner to transfer him to another module.  When Mulleitner refused, Plaintiff says he remained in his cell for a week out of fear.  Plaintiff

alleges these events violated the Eighth Amendment.[1]

Finally, Plaintiff says that ACO Walker saw Plaintiff pass documents to a jailhouse lawyer (or vice versa), and wrote misconduct charges against both inmates, resulting in their assignment to segregation.  Plaintiff claims this constitutes retaliation and interference with his right to redress grievances with the court, in violation of the First Amendment.  *Id.*, Count III, PageID #10.

## II. <u>LEGAL STANDARD</u>

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a claim if it (1) lacks a cognizable legal theory; or (2) contains

---

[1] It is unclear whether Plaintiff is a sentenced prisoner or a pretrial detainee.  The Fourteenth Amendment, rather than the Eighth Amendment, governs a pre-trial detainee's threat to safety and assault claims.  *See Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).  The same legal standards apply, however.  *See Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010) (stating that "we continue to construe pro se filings liberally").  Leave to amend should be granted unless it appears that amendment is futile. *Lopez v.*

4

*Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III.  DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

### A.  Immunities

Plaintiff names Defendants in their official and individual capacities.  States, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64–66 (1989).  Further, the Eleventh Amendment prohibits federal jurisdiction over suits against the state or a state agency unless the state or agency consents to the suit. *See Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 53 (1996); *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Quern v. Jordan*, 440 U.S. 332, 342 (1979).  State officers acting in their official capacities receive the same immunity as the government agency that employs them. *Hafer v. Melo*, 502 U.S. 21 (1991).

5

The State of Hawaii has not consented to suit under § 1983 in this case and Plaintiff's damages claims against Defendants in their official capacities are barred.  *See Doe v. Lawrence Livermore Natl. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1996); *Pena v. Gardner*, 976 F.2d 469, 472 (1992).  Defendants named in their official capacities and damages claims against them are them DISMISSED with prejudice.

**B.   Eighth Amendment Claims**

Plaintiff alleges three claims that arise under the Eighth Amendment.  First, he alleges ACO Shores assaulted him.  Second, he alleges ACO Pasamonte threatened and called him names.  Finally, he alleges Captain Mulleitner denied his request to transfer to another cell or module, suggesting she therefore failed to protect him from harm by other inmates.

**1.   *ACO Shores***

The Eighth Amendment prohibits the infliction of "cruel and unusual" punishment.  *See, e.g.*, *Ingraham v. Wright*, 430 U.S. 651, 664–68 (1977); *Haygood v. Younger*, 769 F.2d 1350, 1354–55 (9th Cir. 1985).  "[The] Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners[.]"  *Whitley v. Albers*, 475 U.S. 312, 327 (1986).  Plaintiff's claim that ACO Shores

6

assaulted him, although lacking in detail, sufficiently states a claim under the Eighth Amendment and shall proceed.

> ### 2. *ACO Passamonte*

Plaintiff fails to state a claim against ACO Pasamonte for his alleged threats, verbal harassment, or emotional abuse. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *see also Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("disrespectful and assaultive comments" by prison guard do not implicate Eighth Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (prison guard's use of "vulgar language" toward prisoner does not violate constitution). Mere threats are not cognizable under § 1983. *See Corales v. Bennett*, 567 F.3d 554, 564-65 (9th Cir. 2009); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (same). Plaintiff's claims against ACO Pasamonte fail to state a claim and are DISMISSED.

> ### 3. *Captain Mulleitner*

To prevail on his Eighth Amendment claim against Captain Mulleitner for failing to prevent a threat to his safety, Plaintiff must demonstrate that she acted with deliberate indifference to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 824, 828 (1994). This requires "more than ordinary lack of due care for the prisoner's interests or

safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In other words, Plaintiff must show she acted with more than negligence. *Farmer*, 511 U.S. at 835. A "substantial risk of serious harm," requires that the risk be objectively sufficiently serious, and that the prison official has a sufficiently culpable state of mind; that is, he or she must be deliberately indifferent to an inmate's health and safety. *Id.* at 834 (citations omitted).

To act with deliberate indifference, a prison official must know of and disregard an excessive risk to an inmate's health. That is, the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* she must also draw the inference. *Id.* at 837. An inmate need not show that the prison official acted or failed to act believing that harm would actually befall the inmate; "it is enough that the official acted or failed to act despite [her] knowledge of a substantial risk of serious harm." *Id.* at 842.

Plaintiff fails to allege sufficient facts indicating that Captain Mulleitner was deliberately indifferent to a substantial or excessive risk of serious harm to his safety when she denied him a transfer based on his subjective and unarticulated fears that the other inmates resented him for the lockdowns and shortened recreation periods on *one* day at MCCC. Plaintiff does not describe his housing situation; that is, he may have already been in a segregated or protective cell or

8

module.  Plaintiff does provide any facts showing why the Module B inmates resented him instead of the guards who put them on lockdown.  Nor does he detail other reasons suggesting that these inmates were a threat to him.  Moreover, ACO Shores' alleged assault on Plaintiff and ACO Pasamonte's threats and racial epithets ("dumb haole") against him as easily suggest the other inmates might sympathize with Plaintiff as resent him.  Based on the facts alleged here, Captain Mulleitner may have believed, based on her own experience, information, and knowledge of the situation, that Plaintiff's fears were exaggerated, or that Plaintiff was sufficiently protected in the cell and module to which he was assigned.  Claims against Captain Mulleitner are DISMISSED.

## C.   False Allegations of Misconduct and Due Process

To the extent Plaintiff alleges a claim against ACO Shores for falsely accusing him of misconduct, he fails to state a claim.  Prisoners have no constitutional right to be free from false accusations of misconduct, so the falsification of a misconduct report does not give rise to a claim under § 1983. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 952 (2nd Cir. 1986).

To the extent Plaintiff alleges a due process claim against ACO Shores (although he mislabels it as a First Amendment claim), he similarly fails to state a claim.  To state a

procedural due process claim, Plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).  Plaintiff fails to allege a deprivation of any liberty or property interest.  More importantly, Plaintiff claims he "beat" the allegedly false misconduct reports, clearly showing that he was given adequate procedural protection.  Plaintiff's allegations against ACO Shores regarding the allegedly false misconduct report is DISMISSED.[2]

**D.   First Amendment Claims**

   *1.   Retaliation*

      To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

---

[2] Plaintiff does not claim that ACO Walker *falsely* charged him with passing documents to another inmate, he *admits* this happened and complains because he was written up for his conduct. Plaintiff's claims against ACO Walker are discussed *supra*.

Plaintiff loosely alleges that ACO Shores made false accusations against him in retaliation for Plaintiff's complaints about MCCC's linen *or* to cover up Shores's alleged assault against Plaintiff. Plaintiff's complaints to ACO Shores regarding the quality of the towels and sheets at MCCC do not constitute "protected conduct." Moreover, while ACO Shores may have falsely charged Plaintiff to cover up his alleged assault on Plaintiff, that does not plausibly suggest that he did so "in retaliation" for Plaintiff's complaining about the linens. This claim is DISMISSED.

### 2. *Right To Petition The Government for Redress Grievances Without Retaliation*

Plaintiff alleges that ACO Walker retaliated against him by filing misconduct charges when he saw Plaintiff exchange documents with "a known jailhouse lawyer" while Plaintiff was "attempting redress in this case in this court." Compl., Count III, ECF No. 1 at PageID #10 (alleging that Plaintiff was "[p]unished for seeking redress in this court in this matter").

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). That access includes "a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances." *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011) (citing *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995) *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223,

11

230 n.2 (2001)).

This right of meaningful access to the courts prohibits officials from actively interfering with inmates' attempts to prepare or file legal documents. *Lewis v. Casey*, 518 U.S. 343, 350 (1996); Silva, 658 F.3d at 1103. The right of access to the courts is only a right to bring petitions or complaints to federal court, however, and not a right to discover such claims thereafter, or even to ligate them effectively once filed with a court. *Id.* at 354.

To show standing for an access-to-courts claim, a plaintiff must show that he suffered an "actual injury," that is, "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348-49 (citation omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002) (discussing how an inmate may show an actual injury to his right of access to the courts). "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. The claim must be a nonfrivolous direct or collateral attack on the inmate's sentence or a challenge to the conditions of his confinement. *Id.* at 355; *see also Silva*, 658 F.3d at 1103.

The Hawaii Department of Public Safety's (DPS) Policies and Procedure Manual (PPM), provides that an inmate shall be

afforded reasonable opportunities to prepare legal documents and
access to legal materials, counsel, and the courts. *See* DPS PPM
COR12.02.4.04, http://dps.hawaii.gov/wp-content/uploads.  Inmates
who are illiterate, uneducated, or indigent, so as to prevent
their equitable access to such assistance, are allowed to seek
legal assistance when it does not disrupt prison security.  *Id.*
Plaintiff is literate, educated, and despite his indigence, is
able to process and copy documents, grieve his claims, and
present them to the court.  He is not, therefore, entitled to
assistance from a "jailhouse lawyer" or assistance from another
inmate without the prison's permission.

        Even if Plaintiff qualified for such assistance, the
prison has the right to determine when, how, and from whom to
provide him such legal assistance.  *See Bounds v. Smith*, 430 U.S.
817, 828, 832 (1977) (holding that prisons may exercise their
discretion when choosing alternative ways to provide access to
the court within constitutional bounds); *see also Shaw v. Murphy*,
532 U.S. 223, 231 (2001) (holding that jailhouse lawyers'
provision of legal assistance is not accorded First Amendment
protection beyond that normally accorded to prisoner speech under
*Turner v. Safley*, 482 U.S. 78 (1987) (sustaining restrictions on
inmate-to-inmate written correspondence), and stating that "it is
'indisputable' that inmate law clerks 'are sometimes a menace to
prison discipline' and that prisoners have an 'acknowledged

propensity . . . to abuse both the giving and the seeking of
[legal] assistance.'") (citations omitted).

      Plaintiff fails to plausibly allege that Walker took an
adverse action against him because of a protected conduct that
chilled his right to redress his claims and was not in
furtherance of a legitimate correctional goal.  First, while
filing a grievance in anticipation of initiating a suit or
preparing a complaint may constitute protected conduct, violating
the prison's rules regarding unauthorized contact between inmates
is not.  Second, Plaintiff fails to plausibly allege non-
conclusory facts that Walker's action interfered with his right
to file a grievance or this present action.

      Third, Plaintiff fails to plausibly allege that the
prison's rules regarding unauthorized contact between inmates,
meaning Plaintiff's contact with the jailhouse lawyer, does not
reasonably advance legitimate correctional goals.  Finally,
Plaintiff fails to allege that Walker interfered with Plaintiff's
access to the court or ability to redress his grievances with the
government.  Plaintiff claims he grieved his claims, this case
has been filed, is ongoing, and the court has found that
Plaintiff states a claim in part against ACO Shores.  Plaintiff
has not suffered any actual injury conferring standing to sue.

      Plaintiff's allegations do not support a finding that
Walker retaliated against him for grieving his claims or

14

"attempting redress" with the court in this case.  Rather, Plaintiff concedes that Walker wrote Plaintiff up for an admitted rule infraction.  Plaintiff fails to state a claim against Walker, and Count III is DISMISSED.

### IV.   <u>LEAVE TO AMEND</u>

Plaintiff's Complaint is DISMISSED IN PART.  Plaintiff may file a proposed amended complaint on or before **May 7, 2013,** curing the specific deficiencies noted above.  In the alternative, Plaintiff may elect to proceed with the present complaint on his claim in Count I that ACO Shores assaulted him. If Plaintiff fails to timely file an amended complaint, the court will order service of this claim on ACO Shores only, and the remaining claims in Counts II and III will be dismissed with prejudice.

If Plaintiff elects to file an amended complaint, it must contain short, plain statements explaining how Defendants violated his rights in light of the court's discussion.  The proposed amended complaint must clearly designate that it is the "First Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety on court-approved forms and may not incorporate any part of the original Complaint by reference. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992).  Any cause of action that was raised in the original complaint is waived if it is not raised in an amended complaint.  *King v. Atiyeh*, 814 F.2d

15

565, 567 (9th Cir. 1987).

### V.   CONCLUSION

1.   The Complaint is DISMISSED IN PART for Plaintiff's
failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and
1915A(a).  Specifically, Plaintiff's claims against Defendants
Pasamonte, Mulleitner, and Walker in Counts II and III are
DISMISSED.  Plaintiff's retaliation claim against Defendant ACO
Shores in Count I is also DISMISSED.  **Plaintiff's Eighth
Amendment claim in Count I, alleging that Defendant ACO Shores
assaulted him states a claim and may proceed**.

2.   Plaintiff is granted leave to file an amended
complaint on or before **May 7, 2013**, in compliance with this
Order.  In the alternative, Plaintiff may elect to stand on his
Eighth Amendment claims against Defendant ACO Shores as presented
in Count I.  If Plaintiff chooses to stand on his claims in this
complaint and fails to file a timely amended complaint, the court
will order his Eighth Amendment claim that ACO Shores assaulted
him served.

3.   The Clerk of Court is DIRECTED to forward a copy of
the court's prisoner civil rights complaint and instructions to

//

//

//

//

16

//

Plaintiff so that he may comply with this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 9, 2013.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Burns v. Shores,* 1:13-cv-00084 LEK/BMK; G:\docs\prose attys\Scrng\DMP\2013\Burns 13-122 lek (1st and 8th amd).wpd