IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NICHOLAS DONALD BURNS, #A5003928, | ) ) ) | CIV. NO. 13-00122 DKW/BMK |
| Plaintiff, | ) ) | ORDER DISMISSING FIRST AMENDED COMPLAINT IN PART |
| vs. | ) ) | |
| JUSTIN SHORES, DANIEL PASAMONTE, | ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER DISMISSING FIRST AMENDED COMPLAINT IN PART

Before the court is Nicholas Donald Burns' ("Plaintiff") first amended complaint ("FAC"). Plaintiff is a pre-trial detainee at the Maui Community Correctional Center ("MCCC"), who brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff complains that Defendants MCCC Adult Correctional Officers ("ACO") Justin Shores and Donald Pasamonte violated his constitutional rights while acting in their official and individual capacities. He seeks declaratory judgment, compensatory and punitive damages. For the following reasons, the FAC is dismissed in part for failure to state a claim.

# I.  PROCEDURAL BACKGROUND

On April 9, 2013, the court dismissed Plaintiff's original Complaint in part for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2).  Order, ECF No. 5 ("April 9, 2013 Order").  Specifically, the court dismissed Plaintiff's claims for damages against all Defendants in their official capacities, all claims against Defendants Pasamonte, Mulleitner, and Walker in Counts II and III, and Plaintiff's retaliation claim against ACO Shores in Count I.  The court found that Plaintiff's Eighth Amendment claim against Defendant ACO Shores stated a claim.   Plaintiff was granted leave to amend, although he was informed that, in the alternative, he may rest on his claim that ACO Shores assaulted him, and if he failed to amend the Complaint on or before May 7, 2013, the court would order that claim to be served.

On May 17, 2013, after Plaintiff failed to amend his Complaint, the court ordered it served on Shores, as alleging claims under the Eighth Amendment.  *See* ECF No. 8.

Plaintiff completed the service documents on or about May 21, 2013, and the United States Marshal Service sent a waiver of service of summons to ACO Shores on or about June 3, 2013.   *See* ECF No. 11.  The Department of Public Safety received the waiver on or about June 5, 2013, and ACO Shores

accepted waiver of service on or about June 24, 2013.  *See* ECF No. 12.

On June 25, 2013, Plaintiff's FAC was mailed from Maui, and the court received it on June 27, 2013, although it is inexplicably signed on April 17, 2013.  The FAC alleges that Shores assaulted Plaintiff on December 17, 2012, and then Shores retaliated against Plaintiff by filing misconduct reports after Plaintiff grieved this assault.  Plaintiff reasserts his claim that Passamonte threatened him and called him a "dumb ha'ole."  FAC, ECF No. 12, PageID #67.

## II.  LEGAL STANDARD

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While Rule

8 does not demand detailed factual allegations, "it demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id.*  A complaint

fails to state a claim if it does not plead "enough facts to state a claim to relief that

is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678.

      The court must construe a *pro se* complaint liberally, accept all

allegations of material fact as true, and construe those facts in the light most

favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe

v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010) (stating that "we continue to

construe pro se filings liberally").  Leave to amend should be granted unless it

appears that amendment is futile.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.

2000).

## III. <u>DISCUSSION</u>

      "To sustain an action under section 1983, a plaintiff must show '(1)

4

that the conduct complained of was committed by a person acting under color of

state law; and (2) that the conduct deprived the plaintiff of a federal constitutional

or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation

omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *see*

*also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

## A.      Immunities

Plaintiff again asserts damages claims against Shores and Passamonte

in their official capacities.  Official capacity claims for damages against all

Defendants were dismissed with prejudice in the April 9, 2013 Order.  *See* ECF

No. 1, PageID #31.  For the reasons set forth in the April 9, 2013 Order, the court

finds that neither Shores nor Passamonte are subject to suit under § 1983 in their

official capacities.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64–66 (1989)

(holding that official capacity defendants are not "persons" within the meaning of

§ 1983).  They are also entitled to Eleventh Amendment immunity in their official

capacities.  *See Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 53 (1996); *Pennhurst*

*State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Quern v. Jordan*, 440

U.S. 332, 342 (1979).  The State of Hawaii has not consented to suit under § 1983

in this case and Plaintiff's damages claims against Shores and Passamonte in their

official capacities are barred.  *See Doe v. Lawrence Livermore Natl. Lab.*, 131 F.3d

836, 839 (9th Cir. 1997); *Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1996);

*Pena v. Gardner*, 976 F.2d 469, 472 (1992).  Damages claims against Shores and

Passamonte in their official capacities are DISMISSED with prejudice.

**B.    Claims Against ACO Shores**

Because Plaintiff now clarifies that he is a pre-trial detainee, he is

correct that his claims alleging that ACO Shores assaulted him on December 17,

2012 arise under the Fourteenth rather than the Eighth Amendment.  *See Pierce v.*

*Multnomah Cnty., Ore.*, 76 F.3d 1032, 1042 (9th Cir. 1996) (holding that the

Eighth Amendment's prohibition against cruel and unusual punishment applies

only after conviction).  The same standards apply to pre-trial detainees under the

Due Process Clause as apply to convicted prisoners under the Eighth Amendment,

however.  *See Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir.

2010).  Plaintiff's claim in Counts I and II that ACO Shores assaulted him states a

claim under the Fourteenth Amendment and shall proceed.

Plaintiff also asserts that Shores retaliated against him by writing

disciplinary reports against Plaintiff, after Plaintiff filed a grievance against Shores

regarding the assault.  *See* FAC, ECF No. 10, PageID #64.  Although somewhat

vague, Plaintiff asserts sufficient facts to state a retaliation claim against ACO

Shores and this claim shall proceed.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

**C.    Claims Against ACO Pasamonte**

The FAC still fails to state a claim against ACO Pasamonte for his alleged threats, verbal harassment, or emotional abuse.  *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008); *see also Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("disrespectful and assaultive comments" by prison guard do not implicate Eighth Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (prison guard's use of "vulgar language" toward prisoner does not violate constitution).  Threats are not cognizable under § 1983.  *See Corales v. Bennett*, 567 F.3d 554, 564–65 (9th Cir. 2009); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (same).  Plaintiff's claims against ACO Pasamonte fail to state a claim and are DISMISSED with prejudice.

## IV.  CONCLUSION

The First Amended Complaint is DISMISSED IN PART for Plaintiff's failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  Specifically, Plaintiff's claims against Defendant ACO Pasamonte are

DISMISSED with prejudice.  Plaintiff's claims against Defendant ACO Shores for assault and retaliation state a claim and shall proceed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 22, 2013.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

_Burns v. Shores_, 1:13-cv-00122 DKW/BMK; ORDER DISMISSING FIRST AMENDED COMPLAINT IN PART; G:\docs\DKW shared\WP Orders\Burns 13-122 dkw (FAC dsm Passamonte).wpd

8